

NUMBER 13-12-00268-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

KIRK BALLARD,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                        Appellee.

**On appeal from the 319th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Perkes
Memorandum Opinion by Justice Garza**

Appellant, Kirk Ballard, was convicted of failure to comply with sex-offender registration requirements, a third-degree felony, and was sentenced to two years' imprisonment. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(2) (West 2006). He argues on appeal that there was an error in the jury charge which caused him to suffer egregious harm. We affirm.

# I. BACKGROUND

Ballard was charged by indictment on January 21, 2011. The indictment alleged that Ballard was convicted of sexual assault of a child in 1992 and that, on or about November 1, 2010, he "intentionally, knowingly, or recklessly failed to report in person to the Corpus Christi Police Department and provide his anticipated move date and new address not later than the seventh day before the intended change." *See id.* art. 62.055(a) (West Supp. 2011) ("If a person required to register under this chapter intends to change address, . . . the person shall, not later than the seventh day before the intended change, report in person to the local law enforcement authority designated as the person's primary registration authority . . . and to the . . . parole officer supervising the person and provide the authority and the officer with the person's anticipated move date and new address.").[1]

At trial, the issue of whether Ballard had in fact changed his residence was hotly contested. Trinidad Garcia, a non-resident landlord at an apartment building on 17th Street in Corpus Christi, testified that Ballard rented an apartment in the building for about eight months. She stated that Ballard lived at the apartment continuously until the time he was arrested in April of 2011. However, Garcia previously executed an affidavit, dated November 1, 2010, in which she stated that Ballard had not, to her

---

[1] The Texas Court of Criminal Appeals described the policy underlying this statute:

> The primary purpose of creating and maintaining a sex-offender registry is to give local law enforcement officers a means of monitoring sex offenders who are living within their jurisdiction in order better to thwart repeat offenses. Knowing where a sex offender lives is arguably the simplest and best way to monitor him. By failing to report where he is residing, the sex offender is subverting the objective of the registry. The community and law enforcement want to know where the sex offender lives so they may take proper precautions.

*Young v. State*, 341 S.W.3d 417, 426 (Tex. Crim. App. 2011) (internal quotations and citations omitted).

knowledge, lived at the 17th Street apartment "for a period of at least 10 days."[2] The affidavit stated that Garcia had tried contacting Ballard by phone "for at least a week" but that Ballard had not returned her calls. Garcia admitted signing the affidavit but denied having written the words appearing therein. She reiterated that Ballard was at the 17th Street apartment "all the time" during the end of 2010 and beginning of 2011.

Tracy Ballard, appellant's wife, testified that the couple started dating in August 2010 and got married on May 3, 2011. At the time of trial, they were in the process of divorcing. According to Tracy, she and her husband lived together in a hotel on Leopard Street in Corpus Christi from November 2010 to February 2011, and in an apartment on Texan Trail in Corpus Christi from February to April 2011. When the prosecutor asked if she ever "visit[ed] Kirk Ballard at his place on 17th Street," she said yes, "[m]aybe ten times, 11 times." The prosecutor then asked, "Why didn't you just move in with Mr. Ballard on 17th Street?" Tracy replied that her husband did not want her to live at the 17th Street apartment because the apartment building was populated by men only, and he "didn't feel comfortable" with her being there by herself during the day. She stated that her husband "was living with her continuously" during the time in question. With respect to the Texan Trail apartment, she specified that he "had his clothes there, he slept there, he ate there, he even had a piece of mail come to that address at one time."

Diane Berry testified that it is her job to register sex offenders for the Corpus Christi Police Department. Berry stated that Ballard was required to register every year around his birthday unless he changes his address, in which case he must update his

---

[2] The affidavit, which was introduced into evidence, was prepared on a form promulgated by law enforcement to report residency changes of convicted sex offenders.

3

registration seven days prior to the address change.  *See id.*  Berry stated that Ballard's most recent address update occurred in October 2010.

Ballard's parole officer at the time of trial, George Abella, testified that he started supervising Ballard in April 2011.  Abella stated that, according to his records, Ballard failed to report to his parole officer from late October 2010 to April 2011.

Section one of the jury charge contained the following instruction, which tracks section (a) of article 62.055 of the code of criminal procedure:

> Our law provides that a person commits the offense of failure to comply with registration requirements if the person is required to register and intentionally, knowingly, or recklessly fails to comply with a requirement of the sex offender registration program under Chapter 62 of the Code of Criminal Procedure.  Code of Criminal Procedure Article 62.055 provides: (a) If a person required to register under this chapter intends to change address, regardless of whether the person moves to another state, the person shall, not later than the seventh day before the intended change, report in person to the local law enforcement authority designated as the person's primary registration authority by the department and to the juvenile probation officer, community supervision and corrections department officer, or parole officer supervising the person and provide the authority and the officer with the person's anticipated move date and new address.  *If a person required to register changes address, the person shall, not later than the later of the seventh day after changing the address or the first date the applicable local law enforcement authority by policy allows the person to report, report in person to the local law enforcement authority in the municipality or county in which the person's new residence is located and provide the authority with proof of identity and proof of residence.*

*See id.* (emphasis added).  The charge also included, in section five, the following application paragraph which tracks the indictment:

> Now, if you find from the evidence beyond a reasonable doubt that on or about November 1, 2010, in Nueces County, Texas, the defendant, KIRK BALLARD, did then and there, while being a person required to register with the local law enforcement authority in the municipality or county where the defendant resided or intended to reside for more than seven days, to-wit:  Corpus Christi, Texas, because of a reportable conviction or adjudication for Sexual Assault of a Child, on December 4, 1992, in Cause

4

No. 92-CR-0555-H, in the 347th District Court of Nueces County, Texas, intentionally, knowingly, or recklessly fail to report in person to the Corpus Christi Police Department and provide his anticipated move date and new address not later than the seventh day before the intended change, then you shall find the defendant guilty of Failure to Comply with Registration Requirements.

Defense counsel made no objection to either jury charge instruction.

The jury found Ballard guilty and this appeal followed.

## II. DISCUSSION

By a single issue on appeal, Ballard contends that the trial court committed reversible error, causing him to suffer egregious harm, by "including an uncharged theory of guilt in the jury charge." In particular, he complains that section one of the jury charge impermissibly set forth the entirety of code of criminal procedure article 62.055, including the portions of that section requiring reporting *after* moving, even though the indictment charged only that he failed to report *before* moving.

The Texas Court of Criminal Appeals recently considered a very similar issue in *Crenshaw v. State*, 378 S.W.3d 460, 466 (Tex. Crim. App. 2012). There, the appellant, who was convicted of driving while intoxicated, claimed that the trial court erred in submitting a jury charge that included both the subjective and per se definitions of "intoxication," *see* TEX. PENAL CODE ANN. § 49.01 (West 2011),[3] even though the

---

[3] The charge instruction at issue in *Crenshaw*, which precisely tracked subsection 49.01(2) of the penal code, stated:

(1)    "Intoxicated" means:

A.    Not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, or a combination of two or more of these substances into the body; or

B.    Having an alcohol concentration of 0.08 or more.

*Crenshaw v. State*, 378 S.W.3d 460, 463 (Tex. Crim. App. 2012); *see* TEX. PENAL CODE ANN. § 49.01(2) (West 2011).

5

charging instrument alleged only the subjective definition.[4] *Crenshaw*, 378 S.W.3d at 462. The court of criminal appeals held that the inclusion of the uncharged, per se definition of "intoxicated" in the jury charge instruction was not error because the *application paragraph* of the jury charge mentioned only the charged, subjective definition of that term. *Id.* at 466. The Court reasoned:

> It is the application paragraph of the charge, not the abstract portion, that authorizes a conviction. The abstract paragraphs serve as a glossary to help the jury understand the meaning of concepts and terms used in the application paragraphs of the charge. An abstract charge on a theory of law that is not applied to the facts does not authorize the jury to convict upon that theory. Generally, reversible error occurs in the giving of an abstract instruction only when the instruction is an incorrect or misleading statement of a law that the jury must understand in order to implement the commands of the application paragraph.

*Id.* (citations omitted). The Court noted further that "[t]he two definitions of intoxication set forth alternative means by which the State may *prove* intoxication, rather than alternate means of *committing* the offense," and that "the definitions of intoxicated are purely evidentiary matters, and they need not be alleged in the information or indictment to provide a defendant with sufficient notice—the State may simply allege that a person was 'intoxicated' to satisfy the notice requirement." *Id.* (internal quotations and citations omitted).

Here, the two forms of conduct proscribed by section (a) of article 62.055—i.e., failing to report a change of address "not later than the seventh day before the intended change" and failing to so report "not later than the . . . seventh day after changing the

---

[4] The charging instrument alleged only that Crenshaw was intoxicated under part (A) of penal code subsection 49.01(2); i.e., "by not having the normal use of his mental or physical faculties by reason of the introduction of (1) alcohol or (2) alcohol, a controlled substance, a drug, a dangerous drug, or a combination of two or more of these substances into his body." *Crenshaw*, 378 S.W.3d at 462; *see* TEX. PENAL CODE ANN. § 49.01(2)(A).

address," *see* TEX. CODE CRIM. PROC. ANN. art. 62.055(a)—are merely "alternative manners and means of committing a single offense." *Young v. State*, 341 S.W.3d 417, 427 (Tex. Crim. App. 2011) (noting that "[t]he focus of [article 62.055] is on giving notification to law enforcement and not the means by which a sex offender failed to do so"). And the application paragraph in the jury charge in the instant case, like the application paragraph in *Crenshaw*, properly instructed the jury to convict only if it found the facts alleged in the indictment to be true beyond a reasonable doubt. *See Crenshaw*, 378 S.W.3d at 466. Moreover, it is undisputed that section one of the jury charge stated the law correctly; it is not "an incorrect or misleading statement of a law that the jury must understand in order to implement the commands of the application paragraph." *See id.* We conclude that the trial court did not err by including the entirety of section (a) of article 62.055 in section one of the jury charge.

Even if we were to find error, such error would not be reversible because Ballard cannot show that he was sufficiently harmed. When no objection is made to the jury charge, as here, we may reverse on the basis of jury charge error only if the appellant suffered "egregious harm" as a result of the error. *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)). An error is egregiously harmful only "if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Id.* Here, ABallard complains that the abstract paragraph allowed the jury to convict him of an offense—i.e., failing to report within seven days *after* he moved—that was not charged in the indictment. However, Ballard's defense at trial, which was rejected by the jury, was based entirely on his contention that he never actually moved

7

or changed his residence. He did not dispute that he never reported a change of address, either before or after the alleged move. The jury rejected Ballard's defensive theory, implicitly finding that he did, in fact, change his residence. Therefore, even if section one of the jury charge instructed the jury only on the offense of failing to report *prior* to the move, the jury would have in all likelihood still found him guilty. We cannot say that Ballard was egregiously harmed by any error. *See id.*

### III. CONCLUSION

Having overruled Ballard's issue, we affirm the judgment of the trial court.

_____
DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of August, 2013.

8